## PATO MINES (Colombia), Limited, v. CLYDE S. S. CO.

(District Court, S. D. Florida.   June 28, 1923.)

No. 1775.

**1. Shipping ⊕═▷132(2)—Libel alleging delivery of freight, payment of freight money, and failure to deliver to consignee held sufficient.**

A libel alleging the placing of goods on board a steamship, the payment of freight money, and defendant's failure to deliver to consignee *held* a sufficient statement to put defendant on the defense.

**2. Admiralty ⊕═▷60—Libel for failure to deliver freight, stating legal effect of bill of lading, held sufficient.**

In a libel for failure to deliver freight, the bill of lading need not be attached to and made a part of the libel; it being sufficient for the libel to state the legal effect of the contract between the parties.

In Admiralty.   Libel by the Pato Mines (Colombia), Limited, against the Clyde Steamship Company.   On exceptions to the libel.   Exceptions overruled.

The libel follows:

First. At all the times hereinafter mentioned, the libelant was and still is a foreign corporation duly organized, created, and existing under and by virtue of the laws of the kingdom of Great Britain and Ireland, having an office and principal place of business in London, England.

Second. Upon information and belief, at all times hereinafter mentioned, the respondent was and still is a corporation duly organized and created and existing under and by virtue of the laws of the state of Maine, owning and operating a number of steam vessels engaged in the common carriage of cargo on the high seas, having an office and place of business within the Southern district of Florida, and was the operator of the steamship Martinique, which at all times hereinafter mentioned was a general ship engaged in the common carriage of merchandise for hire, between, among others, the port of Puerto Colombia and the port of New York.

Third. On or about the 21st day of December, 1922, the libelant shipped and placed on board the steamship Martinique, then lying in the port of Puerto Colombia, one sealed box containing a gold bar, in good order and condition, to be carried by the respondent on the said steamship Martinique to the port of New York, and there to be delivered in like good order and condition as when shipped, to the order of Brown Bros. & Co., in consideration of the payment of certain freight, and in accordance with the valid terms of a certain bill of lading then and there signed and delivered to the libelant by the duly authorized agent of the respondent.

Fourth. The respondent acknowledged by its bill of lading the receipt from the libelant of "one sealed box gold bar," weighing 38,763 grams, and the libelant declared to the respondent that the said gold bar was of value of $22,819, and said declared value was entered upon the said bill of lading, and the libelant paid to the respondent an excess freight because of the declared value of said shipment.

Fifth. Thereafter the said steamship Martinique, having the said gold bar on board, sailed from the port of Puerto Colombia, and thereafter in due course arrived at the port of New York, but the respondent wholly failed to deliver the said gold bar at the port of New York, as agreed in the bill of lading, and the respondent has failed to make delivery of said gold bar at any other place.

Sixth. By reason of the premises, your libelant has sustained damage in the sum of $25,000, as nearly as the same can now be estimated, no part of which has been paid, although the same has been duly demanded.

⊕═▷For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Seventh. All and singular the premises are true and within the admiralty and maritime jurisdiction of the United States and of this honorable court.

Wherefore, libelant prays that process in due form of law, according to the course and practice of this honorable court in causes of admiralty and maritime jurisdiction, issue against the Clyde Steamship Company, the respondent herein, and that the said respondent be cited to appear and answer all and singular the matters aforesaid, and that this honorable court be pleased to decree to your libelant its damages, with interest and costs, and that your libelant may have such other and further relief as in law and justice it may be entitled to receive.

E. J. L'Engle and W. F. Rogers, both of Jacksonville, Fla., for libelant.

Kay, Adams & Ragland, of Jacksonville, Fla., for respondent.

CALL, District Judge. [1, 2] It appears to me that the libel states a cause of action in admiralty. The party making the shipment brings the suit, alleging the placing on board, the payment of the freight money, and the failure of the defendant to make delivery to the consignee. This is a sufficient statement to put the respondent to its defense. I do not find that the law requires a copy of the bill of lading to be attached to and made a part of the libel, but it is sufficient if the libel states the legal effect of the contract between the parties, and this I think is sufficiently done in the instant case.